KATHLEEN A. LEAVITT
CHAPTER 13 BANKRUPTCY TRUSTEE
711 South 4th Street, Ste 101
Las Vegas, Nevada  89101
Telephone:  (702) 853-0700
E-Mail:  kal13mail@las13.com

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

In re:

VICKIE MARIE STARK,

                    Debtor(s).

)
)
)
)
)
)
)

Case No. 23-14614-MKN
Chapter 13

Date:  OST Requested
Time:  OST Requested

**TRUSTEE'S MOTION TO DISMISS CHAPTER 13 CASE**

COMES NOW the Chapter 13 Bankruptcy Trustee, Kathleen A. Leavitt, (hereinafter "the Trustee") by and through her counsel of record, Danielle N. Gueck-Townsend, Esq., and files herewith **Trustee's Motion To Dismiss Chapter 13 Case** together with the following Memorandum of Points and Authorities.  Trustee requests that the Court take Judicial Notice of the dockets in the referenced cases.[1]

**MEMORANDUM OF POINTS & AUTHORITIES**

**Statement of Facts**

Debtor(s) filed a Voluntary Petition on 10/19/2023 (*see* Docket No. 1).  An entry to Set Deficient Filing Deadlines- 13 was entered on Docket on or about 10/19/2023 which set forth that the balance of the incomplete filings was due 11/2/2023 (*see* Docket No. 3).  Additionally, a Notice of Incomplete and/or Deficient Filing was entered on Docket on or about 10/20/2023 which reminded the Debtor(s) of the requirement to file the balance of statements, schedules and a plan within the timeframe allowed by

---

[1]  In the body and footnotes of this document, all references to "Section" or "§" shall be to provisions of the Bankruptcy Code set forth in Title 11 of the United States Code, 11 U.S.C. §101, et seq., unless specifically indicated otherwise. Additionally, all references to Docket or Dkt. No. shall be references to the Court's docket for this case.

the law or separate court order (*see* Docket No. 4) (hereinafter "Notice of Incomplete Filing").  A review of the Docket reflects that the balance of statements, schedules and a Chapter 13 plan as outlined in the Notice of Incomplete Filing have not been filed. The instant Motion results.

**<u>Statement of Law</u>**

F.R.B.P. 1007(c) provides, in pertinent part:
> In a voluntary case, the schedules, statements and other documents required by subdivision (b)(1), (4), (5) and (6) shall be filed with the petition or within 14 days thereafter….Except as provided in §1116(3), any extension of time to file schedules, statements and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States Trustee….
> <u>F.R.B.P. 1007(c)</u>

F.R.B.P. 1007(b)(1) requires that debtors file, in pertinent part:
> (A) schedules of assets and liabilities;
> (B) a schedule of current income and expenditures;
> (C) a schedule of executory contracts and unexpired leases;
> (D) a statement of financial affairs…
> <u>F.R.B.P. 1007(b)(1)</u>

F.R.B.P. 1007(b)(6) requires, in pertinent part:
> A debtor in a chapter 13 case shall file a statement of current monthly income, prepared as prescribed by the appropriate Official Form, and, if the current monthly income exceed the median family income for the applicable state and household size, a calculation of disposable income made in accordance with §1325(b)(3)….
> <u>F.R.B.P. 1007(b)(6)</u>

L.R. 1007(c) provides:  "Any motion to extend the time to file lists, schedules and statements must be field within the time period provided by Fed. R. Bankr. P. 1007."  <u>L.R. 1007(c)</u>

11 U.S.C. §1321 states that "The debtor shall file a plan." <u>11 U.S.C. §1321</u>

F.R.B.P. 3015(b) provides, in pertinent part:
> The debtor may file a chapter 13 plan with the petition.   If a plan is not filed with the petition, it shall be filed within 14 days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct….
> <u>F.R.B.P. 3015(b)</u>

L.R. 3015(c) provides: "motion to extend the time to file a plan must be filed within the fourteen (14) day time period provided by Ref. R. Bankr. P. 3015(b), and will be set on a hearing date of not less than fourteen (14) days' notice." <u>L.R. 3015(c)</u>

11 U.S.C. § 1307(c) provides, in pertinent part:

"….on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of the creditors and the estate, for cause, including:…

(1) Unreasonable delay by the debtor that is prejudicial to creditors;…

(3) Failure to file a plan timely under section 1321 of this title;

11 U.S.C. § 1307(c)(1) and (3).

**<u>Argument</u>**

A review of the Docket in this case reflects that the Debtor has failed to comply with the requirements of 11 U.S.C. §1321, Federal Rules of Bankruptcy Procedure1007(c) and 3015(b) as well as Local Rules 1007(c) and 3015(c) as the Debtor has not filed all requires statements, schedules and a Plan. Specifically, the Debtor has failed to file, among other things:

- Schedule A/B

- Schedules D-J

- Statement of Financial Affairs

- B122C-1 Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

- Chapter 13 Plan

A review of the Docket reflects that there have been no motions filed to request extension of the time period to file the required documents.  F.R.B.P. 1007(c) & 3015(b), L.R. 1007(c) & 3015(c).

This chapter 13 bankruptcy case cannot proceed without complete statements, schedules and a chapter 13 plan.  Creditors have been forced to halt collection efforts while the Debtor(s) has enjoyed the protection of the bankruptcy case.  11 U.S.C. §362.  As such, the delay cause by Debtor(s) has resulted in unreasonable delay which is prejudicial to creditors as creditors generally cannot get paid unless a chapter 13 plan is confirmed and the Debtor(s) has yet to even propose a chapter 13 plan and has failed to file the balance of statements and schedules as required.  11 U.S.C. §1307(c)(1) and (3).

**Conclusion**

WHEREFORE, for all of the foregoing reasons, the Chapter 13 Trustee respectfully requests this Honorable Court for an Order:

      1.     Dismissing the Debtor's current Chapter 13 Bankruptcy Case pursuant to 11 U.S.C. §1307(c)(1) and/or (3); and/or

      4.     For other relief as may be just and equitable.

DATED this 20th day of November, 2023.

/s/     Danielle N. Gueck-Townsend
DANIELLE N. GUECK-TOWNSEND, ESQ.
Nevada Bar No. 12164
711 South 4th Street, Ste 101
Las Vegas, Nevada 89101
Attorney for Kathleen A. Leavitt,
Chapter 13 Bankruptcy Trustee

4