**TIFFANY & BOSCO, P.A.**
Krista J. Nielson, Esq.
Nevada Bar No. 10698
Regina A. Habermas, Esq.
Nevada Bar No. 8481
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB File No. 23-70353

Attorneys for *Secured Creditor* JPMorgan Chase Bank, National Association

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | BK Case No. 23-14614-mkn |
| VICKIE MARIE STARK, | Chapter 13 |
| Debtor. | **OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN** |

### OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN

JPMorgan Chase Bank, National Association ("Creditor"), a secured creditor in the above-captioned bankruptcy action, hereby submits the following Objection to confirmation of the plan of reorganization ("Objection") proposed by the Debtor, Vickie Marie Stark ("Debtor").  This Objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

### I.    STATEMENT OF FACTS

Creditor's claim is evidenced by a promissory note executed by Debtor and dated May 23, 2019, in the original principal sum of $444,000.00 (the "Note").  The Note is secured by a deed of trust (the "Deed of Trust") encumbering the real property commonly known as 11130 Scotscraig Ct, Las Vegas, NV 89141 (the "Property").  Creditor holds possession of the Note, which is indorsed in blank.  The beneficial interest in the Deed of

1

Trust was also subsequently transferred to Creditor. On August 31, 2023, Debtor entered into a Reaffirmation Agreement, pursuant to which Debtor reaffirmed the debt owed to Creditor and acknowledged the amount owed to Creditor as of the execution of the Reaffirmation Agreement was $441,963.57. *See* Docket Number 78 filed in Case No. 23-10127 (the "First Bankruptcy"). Together, the Note, Deed of Trust, and Reaffirmation Agreement are collectively referred to hereafter as the "Loan."

Creditor is in the process of finalizing its proof of claim for this matter and estimates that its total secured claim is in the approximate amount of $452,457.12 and that its pre-petition arrearage claim is in the approximate amount of $36,878.82. As of the Petition date, the Loan was contractually due for the November 1, 2022 payment and the monthly payment was $3,113.31 and subject to change pursuant to the terms of the Loan.

On January 16, 2023, Debtor filed the First Bankruptcy as a case under Chapter 13. *See generally* First Bankruptcy Docket. On June 1, 2023, Debtor voluntarily converted the First Bankruptcy to a case under Chapter 7. *See* First Bankruptcy Docket Number 42. On September 6, 2023, the Court entered Debtor's discharge and, on October 30, 2023, a final decree was entered. *See* First Bankruptcy Docket Numbers 79 and 81.

On October 19, 2023, before the First Bankruptcy closed, Debtor filed the skeletal Petition that initiated the above-captioned action (the "Instant Bankruptcy"). *See* Instant Bankruptcy Docket Number 1. Debtor failed to file any schedules or other disclosures with the Petition. *Id*. On November 20, 2023, in response to the Trustee's Motion to Dismiss (Instant Bankruptcy Docket Number 11), Debtor filed Schedules and Chapter 13 Plan #1 (the "Plan"). *See* Instant Bankruptcy Docket Numbers 15 and 19. The Plan proposes Debtor will make regular monthly payments to the Trustee in the amount of $1,500.00 for a total of $75,000.00 over the sixty-month Plan term. *Id*. The Plan does not propose any treatment of Creditor's claim. *Id*.

Creditor now objects to the Plan filed by Debtor.

## II.    ARGUMENT

The provisions of 11 U.S.C. § 1325 set forth the requirements for a court to confirm a Chapter 13 plan of reorganization.  The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation.  <u>Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)</u>, 89 B.R. 87, 93 (9th Cir. BAP 1988).  For the reasons detailed below, Debtor fails to meet this burden.

**A.    THE PLAN FAILS TO PROMPTLY CURE CREDITOR'S PRE-PETITION ARREARS AS REQUIRED UNDER 11 U.S.C. §1322(b)(5).**

Section 1322(b)(5) of the Bankruptcy Code requires the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan.  Creditor's secured claim includes approximately $36,878.82 in pre-petition arrears; however, the Plan fails to provide for the cure of those arrears.  The Property is the Debtor's primary residence and so Creditor's claim cannot be modified over Creditor's objection pursuant to 11 U.S.C. §1322(b)(2).  To properly cure the pre-petition arrears owed to Creditor, Debtor will need to make an average payment on the mortgage arrears claim of $614.65 per month.  Because the Plan fails to promptly cure Creditor's pre-petition arrears, it cannot be confirmed as proposed.

**B.    THE PLAN FAILS TO PROVIDE PROPERLY FOR ONGOING POST-PETITION PAYMENTS.**

Section 1322(b)(5) of the Bankruptcy Code also requires the maintenance of post-petition payments on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan.  11 U.S.C. § 1322(b)(5).  Here, the Loan matures on June 1, 2049, which is after the term of the Plan.  However, the Plan fails to provide in any way for ongoing post-petition payments to Creditor.

Additionally, the Plan fails to comply with Local Rule 3015 because the ongoing monthly payments owed to Creditor should be classified as conduit payments rather than direct payments.  Local Rule 3015(g)(1) states:

/././

3

For all chapter 13 cases filed on or after October 1, 2013, if there is a pre-petition arrearage on a claim secured by real property or a vehicle of the debtor, or if the debtor becomes more than one month delinquent on any post-petition installment payments to such a creditor, then all post-petition installment payments to the creditor must be made through the chapter 13 trustee as conduit payments. A debtor may be excused from this mandatory conduit payment requirement upon a showing of good cause. An increase in trustee's fees as a result of the conduit payment requirement shall not constitute good cause.

As noted above, the Loan is contractually due for November 1, 2022 and, therefore, had been in default for twelve months when the above-captioned action was filed. The ongoing monthly payments owed to Creditor should be classified as conduit payments in order to protect Creditor from further default and provide recourse by the Trustee in the event of further default by Debtor. Because the Plan fails to provide for the maintenance of post-petition payments on Creditor's secured claim, it cannot be confirmed as proposed.

C.    **THE CHAPTER 13 PLAN IS INFEASIBLE.**

Pursuant to 11 U.S.C. § 1325(a)(6), a court shall not confirm a plan unless the debtor will be able to make all payments under the plan. Debtor's gross monthly income is $14,814.00, but Debtor's Schedule J states that Debtor has a net monthly income of only $55.00. *See* Instant Bankruptcy Docket Number 15. However, Debtor's expenses include a line item of $3,203.00 for a first mortgage payment. *Id*. Therefore, Debtor's net monthly income for purposes of evaluating the feasibility of the Plan is $3,258.00. *Id*.

Yet, the minimum monthly payment required to cure Creditor's pre-petition arrears and make the correct ongoing monthly mortgage payment to Creditor is $3,727.96. Debtor has insufficient monthly income to fund the Plan and properly provide for Creditor's secured claim. Accordingly, the Plan does not have a reasonable likelihood of success and cannot be confirmed as proposed.

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be feasible and to provide adequate protection to this

Creditor.  Because the Plan fails to do so, Creditor respectfully requests that the Court deny confirmation of the plan of reorganization proposed by Debtor.

WHEREFORE, Creditor prays as follows:

1.   That confirmation of the proposed Chapter 13 Plan be denied;

2.   For attorney's fees and costs incurred herein;

3.   For such other and further relief as this Court deems just and proper.

DATED this 27th day of November, 2023.

**TIFFANY & BOSCO, P.A.**

By _/s/ Regina A. Habermas, Esq._
**REGINA A. HABERMAS, ESQ.**
Attorney for Secured Creditor
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135

**TIFFANY & BOSCO, P.A.**
Krista J. Nielson, Esq.
Nevada Bar No. 10698
Regina A. Habermas, Esq.
Nevada Bar No. 8481
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB File No. 23-70353

Attorneys for *Secured Creditor* JPMorgan Chase Bank, National Association

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | BK Case No.: 23-14614-mkn |
| VICKIE MARIE STARK, | Chapter 13 |
| Debtor, | **CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

1.  On this 27th day of November, 2023, I served the following documents:

**OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN**

2.  I caused to be served the above-named document by the following means to the persons as listed below:

  X   **a. ECF System**

> David A Riggi
> darnvbk@gmail.com
> Attorney for Debtor
>
> Kathleen A. Leavitt
> courtsecf3@las13.com
> Trustee

6

X   **b. United States mail, postage fully prepaid:**

David A Riggi
5550 Painted Mirage Road #320
Las Vegas, NV 89149
Attorney for Debtor

Vickie Marie Stark
11130 Scotscraig Ct.
Las Vegas, NV  89141-4333
Debtor

**I declare under penalty of perjury the foregoing is true and correct.**

DATED this 27th day of November, 2023.


By:   /s/ Michelle Benson

7